UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATALIYA TYHA, LIDYA PETROVA, and
ANGELINA DAVYDOV, individually and on
behalf of others similarly situated,

     Plaintiffs,

  -against-

I & Y SENIOR CARE, INC., and
ALEKSANDR GOLDSHMIDT a/k/a
ALEXSANDR GOLDSHMIDT,

     Defendants.

Case No.:

**COMPLAINT**

**FLSA Collective Action and
Rule 23 Class Action Complaint**

**JURY TRIAL DEMANDED**

   Plaintiffs NATALIYA TYHA, LIDYA PETROVA, and ANGELINA DAVYDOV, by and through counsel, on their own behalf and on behalf of all others similarly situated, allege upon information and belief, except as to the allegations that pertain to Plaintiffs which are alleged upon personal knowledge, as follows:

## INTRODUCTION

   1.  This action arises out of violations by Defendants I & Y SENIOR CARE, INC., and ALEKSANDR GOLDSHMIDT a/k/a ALEXSANDR GOLDSHMIDT ("Defendants") of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including their failure to pay Plaintiffs NATALIYA TYHA, LIDYA PETROVA, and ANGELINA DAVYDOV ("Plaintiffs") and others similarly situated for all hours worked at the legally required minimum hourly wage rates and for their failure to pay them federally and state mandated overtime pay, spread of hours pay, and unpaid Wage Parity pay.

   2.  Plaintiffs bring this action on behalf of themselves and all similarly situated current and former personal care assistants/home health aides of Defendants who elect to opt into

this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA which deprived Plaintiffs and others similarly situated of their lawful minimum and overtime wages.

3.      Plaintiffs also brings this action on behalf of themselves and a class of similarly situated current and former personal care assistants/home health aides of Defendants, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, for unpaid minimum and overtime wages, spread of hours pay, Wage Parity pay, and statutory damages, pursuant to NYLL §§ 650 *et seq* and implementing regulations.

4.      Plaintiffs hereby seek legal and declaratory relief against Defendants pursuant to Federal and New York statutes.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

7.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendants resides in this judicial district in that their principal place of business is located in this district and because Plaintiffs labored for Defendants in this judicial district.

## THE PARTIES

8.      Plaintiff NATALIYA TYHA is a resident of Kings County in the State of New York.  Defendants employed Plaintiff NATALIYA TYHA from in or about May, 2011 until in or about the middle of 2016.

9.     Plaintiff LIDYA PETROVA is a resident of Kings County in the State of New York.  Defendants employed Plaintiff LIDYA PETROVA from in or about 2012 until in or about the middle of 2016.

10.     Plaintiff ANGELINA DAVYDOV is a resident of Kings County in the State of New York.  Defendants employed Plaintiff ANGELINA DAVYDOV from in or about May, 2011 until in or about the end of 2012.

11.     At all times relevant to this Complaint, each of the Plaintiffs was an employee of Defendants within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

12.     Defendants employed each of the Plaintiffs within the meaning of the FLSA and NYLL.

13.     Defendant I & Y SENIOR CARE, INC. is a Domestic Business Corporation incorporated in the State of New York with its principal place of business located at 1991 Flatbush Avenue, Brooklyn, New York 11234.

14.     Defendant ALEKSANDR GOLDSHMIDT a/k/a ALEXSANDR GOLDSHMIDT is an owner, officer, director and/or managing agent of Defendant I & Y SENIOR CARE, INC. who participated in the day-to-day operations of Defendant I & Y SENIOR CARE, INC. and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. 203(d) and the regulations promulgated thereunder, 29 C.F.R.791.2, as well as the NYLL, and is jointly and severally liable with Defendant I & Y SENIOR CARE, INC.

15.      Defendants grossed more than $500,000.00 in each of the last six calendar years.

16.     At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

17.　At all times relevant hereto, Defendants employed employees, including Plaintiffs and the FLSA Collective Action Members, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

18.　At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).  At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).  At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiffs and each of the FLSA Collective Plaintiffs and the members of the Class.

**STATEMENT OF FACTS**

19.　Defendants provide home care services to elderly and disabled individuals throughout metropolitan New York City and surrounding areas.

20.　At all relevant times herein, Defendants employed Plaintiff and others similarly situated as personal care assistants/home health aides to work in and around New York City providing personal home health care and assistance to Defendant's disabled/elderly clients.

21.　At all relevant times herein, Defendants operated a licensed home health care agency that sent Plaintiffs and others to work as home health aides for Defendants' disabled/elderly clients in and around New York City.

22.　Each of the Plaintiffs worked for Defendant as a personal care assistant/home health aide.

23.     The job duties of Plaintiffs, the FLSA Collective, and Class Members, included, but were not limited to the following: household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendant assigned them ("consumer" or "client").

24.     Plaintiffs, like each of the other FLSA Collective and Class Members, were assigned to provide service in the homes of Defendant's consumers.

25.     Plaintiffs, like each of the other FLSA Collective and Class Members, were responsible for all aspects of their assigned consumers' welfare, including but not limited to providing companionship, preparing meals, assisting in toileting and grooming, administering medication, accompanying their assigned consumers on outings to shops or other trips or errands, laundering, and house cleaning.

26.     Plaintiffs were usually assigned to work two (2) to five (5) consecutive twenty-four (24) hour shifts per week.  Thus, Plaintiffs regularly worked between forty eight (48) to one hundred twenty (120) hours per week, or more.

27.     Plaintiffs and the Class Members did not "live on the premises of their employer".

28.     Plaintiffs and the Class Members each maintained their own residences and at no time resided in the homes of Defendants' consumers.

29.     Therefore, Plaintiffs and the Class Members are not "residential employees" as defined by 12 N.Y.C.R.R. § 142-2.1(b).

30.     While working their twenty-four (24) hour shifts, Defendants required Plaintiffs, and the FLSA Collective and Class Members, to stay overnight at the residences of Defendants' clients and monitor and attend to them, throughout their shifts.  These shifts were known as "live in" or "sleep in".

31.    While employed by Defendants, Plaintiffs, and the FLSA Collective and Class Members, regularly worked between forty-eight (48) and one hundred twenty (120) hours per week, and on occasion more.  During said time, Defendants prohibited Plaintiffs, and the FLSA Collective and Class Members, from leaving their assigned client(s) and required them to constantly attend to their client(s).

32.    During every minute of their assigned shifts, Defendants controlled the activities in which Plaintiffs, and the FLSA Collective and Class Members, were allowed to engage.

33.    During their entire shifts, Plaintiffs, and the FLSA Collective and Class Members, were not free to leave their places of employment during their entire shifts.

34.    Plaintiffs were responsible for providing care for their assigned consumer when she woke up during the nighttime, which regularly happened up to four times per night.

35.    Plaintiffs were regularly disturbed during their sleep and had to assist in toileting, administering medication, turning, and/or monitoring their consumer and her condition(s).

36.    Plaintiffs were not given their own rooms to sleep; rather they usually slept on a small couch within two feet, approximately, of their assigned consumer's bed.

37.    At all times relevant hereto, Plaintiffs had to sleep very close to – on many occasions within two feet, approximately of - their assigned consumer so as to constantly be able to monitor, and check on, her.

38.    For each twenty-four (24) hour shifts that they worked, Defendant paid Plaintiffs between $135.00 and $145.00.

39.    Despite the regular work that Plaintiffs performed during the nighttime, they were only paid for thirteen (13) (or twelve (12)) hours per twenty-four (24) hour shift.  Plaintiffs were thus only paid approximately $6 per hour.

40.     On numerous occasions, Plaintiffs informed Defendants' coordinators, nurses, and supervisors that their consumer woke up multiple times per night and that Defendants should assign two twelve (12) hour home attendants (split-shift), rather than one twenty-four (24) hour home attendant, to take care of their consumer.

41.     Notwithstanding said reports from Plaintiffs, Defendants refused to assign two twelve (12) hour home attendants (split-shift) - rather than one twenty-four (24) hour home attendant - to take care of said consumer.

42.     Despite the fact that Defendants were notified that Plaintiffs were regularly working during the night-time, Defendants did not pay Plaintiffs, and the FLSA Collective and Class Members, for all recorded time and/or hours worked.

43.     At the beginning and end of each of the Plaintiffs', and the FLSA Collective and Class Members', work shifts, Defendants required them to place a telephone call to Defendants' automated time keeping system to record their hours.

44.     Defendants failed to make and keep contemporaneous records of all of Plaintiffs', and the FLSA Collective and Class Members', work hours, including but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and the NYLL § 196-a.

45.     Throughout their employment with Defendant, Plaintiffs rarely if ever received uninterrupted, continuous, and completely-relieved-of-duty sleeping and meal periods because they assisted, monitored, supervised, toileted, supervised, monitored, and responded to their assigned client throughout their shifts, including during alleged sleeping and meal periods.

46.     Throughout their employment with Defendants, Plaintiffs did not receive uninterrupted meal breaks and generally ate while working.

47. At all relevant times, even though Plaintiffs regularly worked through the night and did not receive five (5) hours uninterrupted sleep, Defendants automatically deducted from their wages eleven (11) or twelve (12) hours per day for alleged sleep time and for alleged meal periods, without regard to whether Plaintiffs in fact worked through said time periods.

48. At all relevant times, as a result of the foregoing, Defendants paid Plaintiffs, and the FLSA Collective and Class Members, at rates well below the minimum wage, in violation of the FLSA and NYLL.

49. At all relevant times, Defendants failed to pay Plaintiffs, and the FLSA Collective and Class Members, overtime wages for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL.

50. Defendants' recordkeeping practices violated the FLSA and NYLL, and the burden should shift to Defendants to prove they paid properly Plaintiffs, and the FLSA Collective and Class Members, the required minimum wages and overtime.

51. The work performed by Plaintiffs, and the FLSA Collective and Class Members, was non-exempt as defined by the FLSA and the NYLL and its implementing regulations.

52. Plaintiffs and the Class Members are not *companions* as defined by 12 N.Y.C.R.R. § 142-2.14 because they do not live in the homes of their employers.  Moreover, providing companionship is only incidental to the many duties that they perform, which include housekeeping.

53. Defendants monitored Plaintiffs', and the FLSA Collective and Class Members', compliance with their guidelines, procedures, and policies by periodically reviewing their work performance, and by sending supervisors and individuals from management to periodically observe them.

54. When divided by the number of hours worked per week, the hourly rates Defendants paid Plaintiffs, and the FLSA Collective and Class Members, regularly amounted to less than the minimum wage.

55. Plaintiffs and the Class Members were and are entitled to be paid the greater of one and one-half (1 1/2) times the minimum wage or their regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA and/or the NYLL and its implementing regulations.

56. Plaintiffs and the FLSA Collective were and are entitled to be paid at one and one half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) hours that they worked in any workweek after January 1st, 2015.

57. Defendants failed to pay Plaintiffs and the Class Members an extra hour of pay at the minimum wage rate for each day that their workday ended more than ten (10) hours after it began (spread of hours pay) as required by the NYLL and its implementing regulations.

58. At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

59. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff and the Class Members "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

60. Upon information and belief, Defendants' unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

61. Defendants' unlawful conduct has been widespread, repeated and consistent.

## **WAGE THEFT PREVENTION ACT VIOLATIONS**

62.    Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

63.    Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, all hours worked, rates paid, gross wages, deductions, and net wages.

## FAILURE TO PAY TOTAL COMPENSATION UNDER WAGE PARITY LAW

64.    As part of its effort to improve the quality of care for New Yorkers who receive home health care services, in 2011 the New York Legislature enacted Public Health Law § 3614- c, which went into effect as of March 1, 2012.  Commonly known as the Wage Parity Law, the statute conditions Medicaid reimbursement for home health care services provided in New York  City and the surrounding counties of Westchester, Suffolk, and Nassau upon a home health care  agency's certification that its home care workers are paid a statutorily defined minimum wage.  That wage is determined by reference to New York City's Living Wage Law (*see* Administrative  Code of City of NY § 6-109[b][1][a], [b][3]), which sets a minimum wage and health benefits  supplement rate that must be paid by any City service contractor or subcontractor to its  employees who provide home care services.  By referring to the New York City Living Wage  Law, the Wage Parity Law aims to bring total compensation for Medicaid-reimbursed home care  aides in the metropolitan New York area into line with compensation paid to aides who are under  contract with New York City, thereby furthering the legislative purpose of stabilizing the home  care workforce, reducing turnover, and enhancing recruitment and retention of home care  workers.

65.    The Wage Parity Law applies to entities like Defendant I & Y SENIOR CARE, INC. that contract with managed care plans for Medicaid reimbursements. NYPHL § 3614-c(6).

The Wage Parity Law  applies "equally to services provided by home care aides who work on episodes of care as direct  employees of certified home health agencies, long term home health care programs, or managed  care plans, or as employees of licensed home care services agencies, limited licensed home care  services agencies, or under any other arrangement." NYPHL § 3614-c(4).

66.        Defendant I & Y SENIOR CARE, INC. has been and continues to be a licensed home care services agency.

67.        Defendant I & Y SENIOR CARE, INC. has entered into agreements with one or more managed care plans.  Under the terms of these agreements, managed care plans reimburse Defendant I & Y SENIOR CARE, INC. for the services  performed by its employees with New York state Medicaid funds.  On information and belief,  under the terms of these agreements, Defendant I & Y SENIOR CARE, INC. was obligated to compensate its home care aides  according to the Wage Parity Law.

68.        On information and belief, Defendant I & Y SENIOR CARE, INC. received reimbursements from managed  care plans. These reimbursements were funded, at least in part, by New York state Medicaid  funds.

69.        Each of the Plaintiffs was a home care aide as defined by the Wage Parity Law.

70.        On information and belief, Defendant I & Y SENIOR CARE, INC. received reimbursements funded by New  York State Medicaid funds for Plaintiffs' services from a managed care plan.

71.        The New York State Department of Health periodically publishes official notices  of home care worker wage parity minimum rate of total compensation, which provide the  breakdown of total hourly compensation of homecare workers.

72.        For the period of March 1, 2012 through February 28, 2013, the minimum rate of home care workers' total compensation was $9.00 per hour plus $1.35 per hour if medical benefits were not provided by employer.

73.        For the period of March 1, 2013 through February 28, 2014, the minimum rate of home care workers' total compensation was $9.50 per hour plus $1.43 in wages and/or wages  and benefits.

74.        For the period of March 1, 2014 through the middle of 2016 (the end of Plaintiffs' employment with Defendant I & Y SENIOR CARE, INC.), the minimum rate home care workers' total compensation was $14.09, consisting of a Base Wage of at least $10.00 per hour, Additional Wages of up to $1.69  per hour, and Supplemental (benefit) Wages of up to $2.40 per hour.

75.        Defendant I & Y SENIOR CARE, INC. failed to pay Plaintiffs the minimum rate of total compensation  required by the Wage Parity Law.  The vast majority of Plaintiffs' pay stubs show that they were paid only  straight time wages of between $8.00 and $11.15 per hour.  Accordingly, Defendants failed to pay Plaintiffs and the Class Members the total minimum compensation required under the Wage Parity Law.

## COLLECTIVE ACTION ALLEGATIONS

76. Plaintiffs brings the First and Second Causes of Action as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and others similarly situated (the "FLSA Collective members"), which shall include:

> All persons who work or worked as home attendants for Defendants from on or after the date that is three years before the filing of the Complaint in this case through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA.

77.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective Members.  There are numerous similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are readily identifiable, and can be located through Defendants' records that they are required to create and maintain under applicable federal and state law.  Notice should be sent to the FLSA Collective members pursuant to 29 U.S.C. § 216(b).

78.    The members of the FLSA Collective are similarly situated.  They all work in the same job classification and have substantially similar job requirements and pay provisions.  They are all subject to a common practice, policy, or plan that requires or permits them to perform work (i) for an hourly wage that is below the legal minimum wage required by section 206 of the FLSA, and (ii) without being paid overtime wages required by section 207 of the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

79.    Plaintiff brings the Third through Eighth Causes of Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Rule 23 Class" or "Class"), consisting of:

> All persons who work or worked as "live in" or "sleep in" home attendants for Defendants from on or after the date that is six years before the filing of the Complaint in this case through the date the Court certifies the class. Excluded are Defendants and any persons who are related by blood or marriage to Defendants.

80.    The Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of Rule 23 Class members is unknown, it is believed that there are well over 300 potential class members who worked during the six year limitations period. The identity of the Rule 23 Class members is contained in the employment records that Defendants is required to create and maintain under state and federal law.

81.    Common questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members. The claims of the members of the Rule 23 Class depend upon common questions of such a nature that they will generate common answers apt to drive the resolution of this litigation. Among the questions of law and fact common to the Rule 23 Class are:

> i.     Whether Defendants have and are engaged in a pattern or practice of failing to pay Plaintiffs and the Rule 23 Class at an hourly rate equal to or greater than the basic minimum hourly wage rate for all hours worked in violation of the NYLL;
>
> ii.    Whether Defendants violated the NYLL by failing to pay Plaintiffs and the Rule 23 Class overtime wages for all hours worked in excess of forty (40) in a workweek;
>
> iii.   Whether Defendants violated the NYLL by failing to pay Plaintiffs and the Rule 23 Class an extra hour's pay for the "spread of hours" when they worked a workday ten (10) or more hours long;

iv.     Whether Defendants violated the NYLL by failing to provide Plaintiffs and the Rule 23 Class with proper pay statements as mandated by N.Y. Lab. Law § 195(3);

v.      Whether Defendants violated the NYLL by failing to provide Plaintiffs and the Rule 23 Class with wage notices as mandated by N.Y. Lab. Law § 195(1);

vi.     Whether Defendants failed to pay their employees all Wage Parity Act minimum wages in violation of Public Health Law § 3614-c, and NYLL §§ 198, 663(1);

vii.    Whether Defendants were unjustly enriched by their wage policies; and

viii.   Whether Defendants' actions were willful.

82.     Plaintiffs' claims are typical of the claims of the Rule 23 Class as Plaintiffs and the members of the Rule 23 Class have sustained damages arising out of Defendants' conduct in violation of the NYLL as complained of herein.  Plaintiffs and the Rule 23 Class members are current and former "live in" or "sleep in" home attendants, employed by Defendants, who sustained damages, including underpayment of wages, as a result of Defendants' compensation policies and practices.  The defenses that likely will be asserted by Defendants against Plaintiffs are typical of the defenses that Defendants will assert against the Rule 23 Class members.

83.     Plaintiffs may and shall fairly and adequately represent and protect the interests of the Rule 23 Class.  Plaintiffs have no interest antagonistic to or in conflict with the interests of the Rule 23 Class as a whole.  Plaintiffs have retained counsel experienced in pursuing complex and class action litigation who will adequately and vigorously represent the interests of the Class.

84.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual Rule 23 Class members.

85.     Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Rule 23 Class is readily identifiable from records that Defendants are legally required to maintain.

86.     Prosecution of separate actions by individual Rule 23 Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class that would establish incompatible standards of conduct for Defendant.

87.     Defendants have acted, or failed to act, on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

**FIRST CAUSE OF ACTION**
**(Minimum Wage Violations of the FLSA - Brought by Plaintiffs**
**on Behalf of Themselves and the FLSA Collective Plaintiffs)**

88.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

89.     Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

90.     Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

91.     Throughout the statute of limitations period covered by these claims, each of the Defendants has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

92.     Throughout the statute of limitations period covered by these claims, Defendants have had annual gross revenues in excess of $500,000.

93.     Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A and incorporated by reference herein.

94.     Throughout the statute of limitations period covered by these claims, Defendants violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiffs and others similarly situated, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiffs and others similarly situated at the required minimum wage for each hour worked.

95.     Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs and others similarly situated at the federally mandated minimum wage for all hours worked. Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a).

96.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

97.     As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied pay at the federally required rate for all of their hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Overtime Violations of the FLSA - Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

98.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

99.     Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

100.    Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

101.    Throughout the statute of limitations period covered by these claims, each of the Defendants has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

102.    Throughout the statute of limitations period covered by these claims, Defendants violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiffs and others similarly situated, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiffs and others similarly situated at the required overtime rates for each hour worked above forty (40) per workweek.

103.    Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs and others similarly situated the federally mandated overtime wages for all hours worked above forty (40) per workweek.  Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207 and 215(a).

104.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

105.    As a result of Defendants' violations of the FLSA, Plaintiffs and others similarly situated have suffered damages by being denied pay at the federally required rates for all of their overtime hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

**New York Labor Law, Article 19: Minimum Wages and Overtime Wages**
**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

**106.**    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

19

107.     At all times relevant hereto, Plaintiffs and the members of the Rule 23 Class were "employees" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

108.     At all times relevant hereto, each of the Defendants was an employer within the meaning of N.Y. Lab. Law § 650(6).

109.     It is unlawful under the NYLL law for an employer to suffer or permit a non-exempt employee to work without paying the required minimum wage rates for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

110.     Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly violated the Plaintiffs' and the Class Members' rights by failing to pay them compensation at the required minimum wage rates for all hours worked as well as overtime compensation at the required overtime rates for hours worked in excess of forty (40) hours per workweek, in violation of the NYLL and its regulations.

111.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

112.     Also as detailed above, Defendants' actions were willful.

113.     Due to Defendants' NYLL violations, Plaintiffs, on behalf of themselves and the Class Members, seeks damages in the amount of their respective unpaid minimum wages, their unpaid wages, their unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### New York Labor Law, Articles 6 and 19—Spread of Hours Pay

**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

114.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

115.    Throughout the Class Period, Defendants failed to pay Plaintiffs and the members of the Rule 23 Class an additional hour's pay at the basic minimum hourly wage rate for each day that they worked a spread of hours that exceeded ten hours or a shift in excess of ten hours, in violation of N.Y. Lab. Law § 190, *et seq.*, and 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

116.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Notice Violations:  New York Labor Law § 195(1)**
**(Brought by Plaintiff on Behalf of Themselves and the Rule 23 Class)**

117.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

118.    During the Class Period the NYLL was amended twice.

119.    Effective April 9, 2011, the NYLL was amended to require employers to provide each employee with a written notice "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer."  N.Y. Lab. Law § 195(1) (2010).

120.    Among other required information the notice must include the employee's "regular hourly rate and overtime rate of pay" where the employee, such as Plaintiffs and the Rule 23 Class, are entitled to overtime pay under the laws and regulations of New York.

121.   Defendants never provided Plaintiffs and the Rule 23 Class with a written notice that accurately stated their "regular hourly rate and overtime rate of pay."

122.   From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide this required notice was $50.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-b) (2010).

123.   Effective December 29, 2014, the NYLL was amended to remove the requirement that the notice required by section 195(1) of the NYLL be provided on a yearly basis.

124.   However, the penalties were increased.  Effective February 27, 2015, the penalty for not providing a written notice when the employee was hired was increased to $50.00 ***per workday*** with a maximum penalty of $5,000.00.  N.Y. Lab. Law § 198(1-b) (2014).

125.   Plaintiffs seek the statutory penalty for themselves and for each member of the Rule 23 Class together with costs and reasonable attorneys' fees.

<u>**SIXTH CAUSE OF ACTION**</u>
**Notice Violations:  New York Labor Law § 195(3)**
**(Brought by Plaintiff on Behalf of Themselves and the Rule 23 Class)**

126.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

127.   During the Class Period the NYLL was amended twice.

128.   Effective April 9, 2011, the NYLL was amended to specify the information that an employer must furnish with each payment of wages.  N.Y. Lab. Law § 195(3) (2010).

129.   From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide the wage statement required by section 195(3) of the NYLL was $100.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-d) (2010).

This penalty was increased effective February 27, 2015, to $250.00 *per workday* with a maximum penalty of $5,000.00. N.Y. Lab. Law § 198(1-b) (2014).

130.    Defendants have willfully failed to supply Plaintiffs and the Class Members with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

131.    Plaintiffs seek the statutory penalty for themselves and for each member of the Rule 23 Class together with costs and reasonable attorneys' fees.

### SEVENTH CAUSE OF ACTION
**Failure to Pay Earned Wages Mandated by Wage Parity Law - NYLL**
**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

132.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

133.    New York Labor Law § 190(1) defines "Wages" as "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. The term "wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article."

134.    New York Labor Law § 198-c(2) further provides; "As used in this section, the term "benefits or wage supplements" includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

135.    Pursuant to New York Labor Law § 198 employers such as the Defendants who fail to pay hourly employees wages in conformance with New York Labor Law shall be liable to the hourly employees for the wages that were not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

136.    The Total Compensation for home care workers as mandated by Wage Parity Law is wages under New York Labor Law.

137.    Depending on the period, Defendants were obligated to pay their home care worker  employees the total compensation of, $9.00 plus $1.35 per hour if medical benefits were not  provided; $9.50 per hour plus $1.43 in wages and/or wages and benefits; and $14.09 per hour  under the Wage Parity Law because it entered into agreements with managed care plans and was  receiving reimbursements funded by the New York Medicaid program.

138.    Plaintiffs and the Class were entitled to receive the total compensation of as set forth above per hour under the Wage Parity Law.

139.    Defendants never paid Plaintiffs and the Class the Total Compensation as required by the Wage Parity Law.

140.    Defendants' failure to pay Plaintiffs and the Class the total compensation as required by the Wage Parity Law was without good faith basis to believe that such failure was in compliance with the law.

141.    Due to Defendants' violations of the Wage Parity Law and N.Y. Labor Law, Plaintiffs and each member of the Rule 23 Class are entitled to recover from Defendants their

wages earned and due during  the six years previous to commencing this action and thereafter, as well as liquidated damages,  reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### Unjust Enrichment – In the Alternative
### (Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)

142.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

143.    If Plaintiffs' and the Class' New York Labor Law claim for wages required by the Wage Parity Law fails for any reason, Defendants were unjustly enriched by failing to pay Plaintiffs and the Class the total compensation required by the Wage Parity Law.

144.    Defendants were enriched by keeping the underpayment, which is the difference between what they should have paid under the Wage Parity Law and what they actually paid to the  Plaintiffs and the Class.

145.    By keeping the underpayment, Defendants were enriched at Plaintiffs' and the Class  members' expense.

146.    The circumstances of the enrichment are such that equity and good conscience require restitution to which Plaintiff and each member of the Rule 23 Class are entitled.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, pray for relief as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)      Certification of this action as a class action on behalf of the Rule 23 Class;

(c)      Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs and Class Representatives of the Rule 23 Class;

(d)      An award of damages, including unpaid minimum wages, overtime pay, spread of hours pay, Wage Parity pay, according to proof, including FLSA liquidated damages, and interest, to be paid by Defendants;

(e)      An award of damages to Plaintiffs and the Rule Class for violations of the NYLL, including statutory damages and NYLL liquidated damages;

(f)      Costs of action incurred herein, including expert fees;

(g)      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(h)      Pre-judgment and post-judgment interest, as provided by law; and

(i)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: July 6, 2018                Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiff, Proposed FLSA Collective Plaintiffs and Proposed Class Members*

# EXHIBIT A

I am a current or former employee of ___I ᚁ Ꮋ Ꮍ Sᴇᴜᴏᴠ Cᴀᴠᴇ___
and/or related entities/individuals. I hereby consent and agree to be a party
Plaintiff in this Action to seek redress for violations of the Fair Labor Standards
Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in
this Action and I also consent and agree, if such is necessary, to file this claim on
behalf of all others similarly situated.

Signed this __28__ day of __June__ , 2018.

_Natalia Tthe_

Signature

_Nataliya Txha_

Full Legal Name (print)

I am a current or former employee of _I & Y Senior Care_
and/or related entities/individuals.  I hereby consent and agree to be a party
Plaintiff in this Action to seek redress for violations of the Fair Labor Standards
Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in
this Action and I also consent and agree, if such is necessary, to file this claim on
behalf of all others similarly situated.

Signed this _28_ day of _June_ , 2018.

_____
Signature

_____
Full Legal Name (print)

I am a current or former employee of ___I + Y Senior Care___
and/or related entities/individuals.  I hereby consent and agree to be a party
Plaintiff in this Action to seek redress for violations of the Fair Labor Standards
Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in
this Action and I also consent and agree, if such is necessary, to file this claim on
behalf of all others similarly situated.

Signed this _28_ day of ___June___ , 2018.

_Lidia Petrova Petrova_
Signature

_Lidya Petrova Petrova_
Full Legal Name (print)