# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2ND Floor
NEW YORK, NY, 10006
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701

March 28, 2019

VIA ECF

Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Tyha et al. v. I & Y Senior Care, Inc. et al.,* 18-03888 (CLP)

Dear Judge Pollak:

The parties in this case are pleased to advise the Court that the Plaintiffs in this case, Nataliya Tyha and Lidya Petrova (collectively, "Plaintiffs"), recently entered into a settlement agreement ("Agreement") with Defendants I & Y Senior Care, Inc. and Aleksandr Goldshmidt a/k/a Alexsandr Goldshmidt ("Defendants").  The parties respectfully request that the Court approve their Agreement - attached hereto as Exhibit "A" - and the settlement of the wage and hour claims as final, fair, reasonable, adequate, and binding on the Plaintiffs and that the Court dismiss this litigation with prejudice discontinuing this case.

The terms of the Agreement provide that in exchange for Plaintiffs discontinuing this litigation and executing in favor of Defendants a wage and hour release, Defendants shall pay Plaintiffs a total of $70,000.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements.

The Agreement reflects a compromise between the Plaintiffs and the Defendants.  While Plaintiffs could have possibly received more money had they proceeded to and won at trial, Plaintiffs agreed to the Settlement Amount, and believe it to be a fair and reasonable compromise, because, in addition to receiving their money much sooner, and not having to wait months or years, Plaintiffs Nataliya Tyha and Lidya Petrova will be receiving almost 70% of their estimated unpaid overtime wages (estimated at approximately $102,739.00 in total) that they could have recovered had Plaintiffs won at trial.

In addition to the inherent risks of litigation, there were other risks involved in continuing to trial.  One risk with proceeding to trial was that Defendants' are facing other litigation which may result in there not being enough money to pay Plaintiffs' claims.  Thus, even if Plaintiffs should win at trial, there could be challenges in collecting on any judgment obtained.  Moreover, because neither side had proper records of all of the claimed off-the-clock time, and because

Plaintiffs anticipated difficulties in locating witnesses willing to testify against Defendants, the amount of any overtime and unpaid wages found to be owed to Plaintiffs may be less than their estimated unpaid wages and/or the Settlement Amount.  Another factor involved in Plaintiffs' decision to settle this suit was because they wanted the Settlement Amount sooner, rather than having to wait many months or several years for payment.  Plaintiffs wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery, depositions, and trial.  They also did not want to take time off from work for depositions, settlement conferences, and trial.

Plaintiffs – and Defendants – thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## ATTORNEYS' FEES & COSTS

From the Settlement Amount, two-thirds, or $46,666.67 is being paid out to the Plaintiffs and one-third, or $23,333.33, is allocated for attorneys' fees and costs.[1]  Inasmuch as the one-third amount is before costs, the attorneys' fees are less than the one-third contingency agreed upon by Plaintiffs in their retainer agreements and which are regularly approved in this circuit in FLSA and NYLL cases. *See Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases.");  *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit.");  *Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (awarding 32.9% of the settlement amount in FLSA and NYLL case.); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013)("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.");  *Chavarria v. New York Airport Serv., LLC*, 875 F. Supp. 2d 164, 179 (E.D.N.Y. 2012) (Go, M.J.) (finding "Class counsel's requested fee, 33% of the settlement, reasonable under the circumstances of this case and 'well within the range accepted by courts in this Circuit.'").

In light of the above, Plaintiffs and Defendants jointly and respectfully request that this Court approve the parties' Agreement and that the Court issue an Order discontinuing this case – except retaining jurisdiction in the event of non-payment.  We thank the Court for its attention to this matter.

Respectfully submitted,
/s/ DAVID HARRISON
David Harrison

cc: ALL COUNSEL OF RECORD (VIA ECF)

---

[1] Costs totaled $531.25, including (i) $400 for the filing fee, (ii) $78.45 for process server fees, and (iii) $52.80 for translation costs.