UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NATALIYA TYHA and LIDYA PETROVA,

                Plaintiffs,

        -against-                                    **ORDER**
                                                          18 CV 3888 (CLP)
I & Y SENIOR CARE, INC. and
ALEKSANDR GOLDSHMIDT,

                Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On July 6, 2018, Nataliya Tyha, Lidya Petrova, and Angelina Davydov[1] (collectively, "plaintiffs"), filed this action against I & Y Senior Care, Inc. and Aleksandr Goldshmidt (collectively, "defendants"), seeking unpaid minimum wages, overtime wages, and spread of hours pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 650 et seq. The parties consented to the undersigned to conduct all proceedings in this case.

       On April 17, 2019, the parties appeared before this Court having reached a settlement of this matter, the terms of which were set forth on the record during the proceeding to approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).

       For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

---

[1] Angelina Davydov executed a stipulation of dismissal on October 16, 2018 and was dismissed from the case on October 23, 2018.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, defendants provide home care services to elderly and disabled individuals throughout New York City. (Compl.[2] ¶ 19). Plaintiffs Nataliya Tyha and Lidya Petrova worked for defendants as personal care assistants and home health aides serving clients in and around the New York metropolitan area. (Id. ¶ 20). Tyha worked for defendants from approximately May 2011 until mid-2016, and Petrova worked for defendants from 2012 until mid-2016. (Id. ¶¶ 8, 9). Plaintiffs' duties included: household chores, meal preparation, hygiene assistance, personal healthcare, and running errands for the clients. (Id. ¶ 23). Plaintiffs allege that they regularly worked between two and five 24-hour shifts, thereby working between 48 and 120 hours per week. (Id. ¶ 26). They also claim that they rarely received uninterrupted sleeping and meal periods because they were required to assist their clients continuously throughout their shifts. (Id. ¶¶ 35, 45, 46). Even though plaintiffs regularly worked through the night and did not receive five hours of uninterrupted sleep, defendants automatically deducted eleven or twelve hours per day from their wages for sleep time and meal periods. (Id. ¶ 47).

The parties reached a settlement for a total of $70,000.00, of which plaintiffs' counsel would receive $23,333.33 in attorneys' fees and costs, with plaintiffs receiving the remaining $46,666.67. (Ltr.[3] at 1). Specifically, plaintiff Tyha will receive $32,666.67, which constitutes $16,333.34 in unpaid wages and $16,333.33 in penalties, while plaintiff Petrova will receive the remaining $14,000, which constitutes $7,000 in wages and $7,000 in penalties. (Sett. Agr.[4]

---

[2] Citations to "Compl." refer to plaintiffs' Complaint, filed on July 6, 2018, ECF No. 1.
[3] Citations to "Ltr." refer to the parties' motion for settlement approval, filed on March 28, 2019, ECF No. 19.
[4] Citations to "Sett. Agr." refer to the Settlement and Release Agreement, attached to the parties' motion as Exhibit A, ECF No. 19.

§ 3.1). According to the parties, these amounts are proportional to the number of shifts that each plaintiff worked.

For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

## DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement are fair and reasonable. The agreement contains no confidentiality provision, non-disparagement provision, or general release. (See generally Sett. Agr.).

3. Settlement Amount

The parties propose a total settlement amount of $70,000.00. (Ltr. at 1). In reaching this settlement, plaintiffs acknowledge that there were a number of issues that, depending on how they were resolved, could adversely affect their ability to recover. For example, neither side had proper records of all the work performed off the clock. (Id. at 1-2). Plaintiffs also anticipated difficulty in locating witnesses to testify against defendants. (Id. at 2). Moreover, plaintiffs noted that collecting any judgment from defendants could be difficult, as defendants are currently facing other lawsuits. (Id. at 1); see also Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (observing that "[c]ase law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable").

In analyzing the reasonableness of the total settlement amount, the Court also considered plaintiffs' calculation that they would be entitled to approximately $100,000 if they were to receive their best case scenario at trial. (Ltr. at 1).

4. Attorneys' Fees and Costs

The Second Circuit has set forth six factors to determine whether attorneys' fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and

4

complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorneys' fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).

With respect to plaintiffs' counsel's request for fees, counsel requests $23,333.33, which is approximately one third of the settlement amount. (Ltr. at 2). Of that amount, $531.25 constitutes the costs for the filing fee, service, and translation services. (Id. & n.1).

5

On April 17, 2019, plaintiffs' counsel provided his billing records to the Court. (4/17/19 Ltr.,[5] Ex. A). The records indicate that plaintiffs' counsel, David Harrison, handled this matter with the assistance of a paralegal. (Id.) When added to costs, the total in attorneys' fees and costs is $18,382.75. (Id.) Thus, the award of $23,333.33 sought by counsel is slightly higher than the lodestar amount. (Ltr. at 2).

Upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds the requested fee to be reasonable.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that the award for attorneys' fees and costs is reasonable based on the contingency fee percentage supported by case law in this district, and the lodestar crosscheck. Moreover, the Court is sufficiently familiar with the proceedings in this action to assess the fairness of the settlement, having supervised discovery and settlement.

---

[5] Citations to "4/17/19 Ltr." refer to the letter containing counsel's billing records submitted on April 17, 2019, ECF No. 21.

The parties shall file a stipulation of dismissal with prejudice by **May 22, 2019**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:   Brooklyn, New York
        April 22, 2019                    /s/ Cheryl L. Pollak

                                              Cheryl L. Pollak
                                              United States Magistrate Judge
                                              Eastern District of New York